UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

AYO OSAGIE,

         Defendant.

**DECISION AND ORDER**
10-CR-267S

1.     Presently before this Court is Defendant's motion for dismissal of the indictment. Defendant argues that the grand jury was improperly presented with evidence of Defendant's statements in violation of a proffer agreement. For the reasons that follow, the motion is denied.

2.     Defendant was arrested on September 19, 2005, after attempting to enter the United States from Canada with what was subsequently determined to be a controlled substance. (Def's Motion to Dismiss Ex B at 11-14, Docket No. 37-1.) At that time, and after being given a Miranda warning, Defendant gave a statement to law enforcement regarding his involvement in the smuggling attempt. (Id.) Defendant met with law enforcement again on March 30, 2006, at which time he entered into a proffer agreement with the Government in order to assess his potential as a cooperating witness. (Id. at 14-16; Proffer Agreement, Def's Motion to Dismiss Ex A.)

3.     The terms of the proffer agreement provided that the Government would not "use any statements or tangible objects provided by the witness <u>directly</u> against the witness, in any proceeding," except to impeach Defendant's testimony, to prosecute Defendant for perjury, or in rebuttal against evidence offered or elicited by Defendant in an subsequent

proceeding. (Proffer Agreement ¶¶ 4-6 (emphasis in original).) The proffer agreement further provided that:

> In the event the witness knowingly provides false or misleading information, or withholds material information, the government reserves the right to use any statements or tangible objects provided pursuant to this agreement <u>directly</u> against the witness for any purpose deemed proper by the government. If the witness opposes the direct use of such statements or tangible objects, the witness shall have the burden to move to suppress such statements or objects pursuant to Fed. R. Crim. P. 12. Upon the filing of such motion, the government shall have the burden of proof by the preponderance of the evidence.

(Id. ¶ 7 (emphasis in original).)

4. In his testimony before the grand jury that returned the indictment against Defendant, a U.S. Immigration and Customs Enforcement special agent testified regarding the details of Defendant's September 2005 arrest and statement. (Def's Motion to Dismiss Ex B at 11-14.) He further testified that there was another interview with Defendant on March 30, 2006, the date of the proffer. (Id. at 14.) The agent testified that, on this latter occasion, Defendant "gave a similar story with some discrepancies." (Id.) These discrepancies included Defendant's inconsistency with respect to when he first met his "handler." (Id. at 15-16.)

5. Defendant argues that this use of his statements directly against him during the grand jury proceeding violates the terms of the proffer agreement and warrants dismissal of the indictment. The Government responds that it was within its discretion, as outlined in the proffer agreement, to determine in good faith that Defendant provided false and misleading information during the March 2006 interview, thereby negating any bar against the future use of Defendant's statements.

6. This Court finds the Government's argument meritorious. "It is well settled that the

government may in its discretion make agreements in which it exchanges various levels of immunity from prosecution for the defendant's cooperation." United States v. Aleman, 286 F.3d 86, 89 (2d Cir. 2002). Such cooperation agreements are interpreted according to contractual principles, including the terms related to performance and remedies available in the event of a breach. Id. at 89-90. "[I]mmunity or cooperation agreements normally vest discretion in the government to determine whether a defendant's cooperation is satisfactory." Id. at 91 (citing United States v. Resto, 74 F.3d 22, 25 (2d Cir. 1996)); see United States v. Knights, 968 F.2d 1483, 1487 (2d Cir. 1996) (noting that the prosecution is often in the best position to evaluate the quality of a defendant's cooperation). Although broad, the Government's discretion is nonetheless not unfettered, and is limited by the requirement that any decision be made in good faith. Resto, 74 F.3d at 26.

7.  Here, the Government's notably limited use of Defendant's March 2006 statements followed a determination by law enforcement that these statements were neither truthful nor complete. The Government submitted the April 2006 report documenting the proffer session, which detailed Defendant's changing statements in the face of requests for further detail and his inconsistent statements regarding when he met his handler. (Gov't's Resp Ex 1.) It was also noted therein that, although Defendant identified his handler by name and asserted he could identify a photo of him, Defendant made a significant point of pointing to a photo known to law enforcement to be of his handler and stating that it was not him. (Id.) This assessment of Defendant's proffer statements was made over four years before the presentation to the grand jury, and it was specifically referenced during the special agent's grand jury testimony. (Def's Motion to Dismiss Ex B at 15-16.) Accordingly, the Court finds that the Government's determination that Defendant made

false and misleading statements in violation of the proffer agreement to be in good faith, and not a *post hoc* rationalization.

8. Defendant's motion to dismiss the indictment is therefore denied. The Court further notes, however, that pursuant to the agreement Defendant retains the right to move for suppression of his March 2006 statements in the event the Government decides to use them during its case in chief at trial. (Proffer Agreement ¶ 7.) Such a motion will be entertained if and when the situation arises.

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss the Indictment (Docket No. 37) is DENIED.

SO ORDERED.

Dated: April 1, 2013
      Buffalo, New York

                                       /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                            Chief Judge
                                     United States District Judge